OPINION OF THE COURT
Madonna Stahl, J.
The facts of this case are uncontested.
On October 13, 1990, defendant rented a 1991 Ford cargo van from the plaintiff. On October 14, 1990, defendant returned the van and filed an accident report with the plaintiff, stating that he had hit a road barrier and dented the sliding *741 door on the right side of the car. At that time, defendant paid $100 to the plaintiff for the damage.
Plaintiff now brings this small claim action for $1,109.85, the full cost of repairs to the vehicle, less the $100 paid, plus an appraisal fee of $43.
Defendant argues that his damages are limited to $100 by section 396-z of the General Business Law. Plaintiff argues that section 396-z does not apply to this case since the vehicle in question was not a "private passenger motor vehicle” but rather a van which was registered as a "commercial” vehicle. There is no allegation that defendant used the van to carry persons or property for hire. Nor is there an allegation that it was rented for anything other than personal use.
Section 396-z (3) of the General Business Law provides that "No rental vehicle company renting private passenger motor vehicles shall * * * hold an authorized driver liable for actual damage to * * * such rental vehicle” unless the damage was: (a) intentional or willful; (b) caused by the driver’s intoxication; (c) sustained during an organized speed race; (d) arose out of the use of the vehicle when carrying persons or property for hire; (e) arose out of the commission of a felony; or (f) when the driver fails to provide the rental vehicle company with an accident report.
Section 396-z (4) provides that "Notwithstanding subdivision three * * * a rental vehicle company may hold an authorized driver liable for actual damage to * * * a rental vehicle * * * up to a maximum of one hundred dollars” (emphasis added).
Section 396-z does not contain a definition of a "private passenger motor vehicle.” However, Insurance Law § 3440 may provide some guidance as to what the Legislature means by a "private passenger motor vehicle.”
For the purpose of section 3440, the Legislature defines "private passenger motor vehicle” as a vehicle "(1) of the private passenger or station wagon type” which is "neither used as a public or livery conveyance for passengers nor rented to others without a driver; or "(2) with a pick-up body, a delivery sedan, panel truck or van,” which is "not customarily used in the occupation, profession or business of the insured other than farming or ranching”. (Insurance Law § 3440 [a].)
The above definition obviously does not apply directly to this case since it applies only to section 3440 of the Insurance Law which concerns insurance coverage for vehicles owned by *742 individuals or leased by them under a long-term contract. Nevertheless, it is worth noting that the definition appears to be based upon the purpose for which the vehicle is used, rather than a particular body style or the type of registration.
Consequently, I find that mere registration of the van as a "commercial” vehicle is not determinative of the issue here. Since the van was rented by an individual for a personal use, rather than a business one, it was a "private passenger motor vehicle” within the meaning of General Business Law § 396-z.
Plaintiff’s claim is dismissed.